On November 14, 1997, appellant, Lendion B. McIntosh, pled no contest and was found guilty of a violation of R.C. 4511.19(A)(3), prohibited alcohol content, in the Sylvania Municipal Court. Related charges were dismissed. Appellant was sentenced to a brief period of incarceration and his operator's license was suspended for five years. For various reasons, execution of sentence was postponed for several months.
On July, 20, 1998, the day appellant's sentence was to commence, pursuant to Crim.R. 32.1, he moved to set aside his plea. Appellant contended he had not understood its consequences. Following a hearing, the trial court denied the motion. Appellant now appeals that decision.
Pursuant to 6th Dist. Loc. App. R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
A trial court, in its discretion, may set aside a plea after sentencing to "* * * correct manifest injustice * * *." The burden is on the movant to show manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A court's discretionary ruling will not be overturned on appeal absent an abuse of discretion. State v. Long (1978), 53 Ohio St.2d 91,98. An "abuse of discretion" is more than an error of law or of judgment, the term connotes that the court's attitude in arbitrary, unreasonable or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 168-169.
Appellant and his family testified that appellant is dyslexic and could not understand the plea proceedings. The court weighed this testimony against appellant's written waiver and admitted presence during the oral explanation of his rights. The court found appellant's professed lack of understanding not credible. Additionally, the court found unproven appellant's allegations of misconduct by his initial trial counsel.
We have carefully reviewed the record of this matter and conclude that the trial court acted within its discretion in denying appellant's motion to set aside his plea. Accordingly, appellant's sole assignment of error is not well taken.
The judgment of the Sylvania Municipal Court is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
James R. Sherck, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.